HOLLOWELL, Bankruptcy Judge,
Dissenting.
I agree with the majority that resolution of this appeal requires a “context specific” analysis. However, the majority has distorted that analysis by interpreting context-specific as “case-specific.”
“Context” is defined as the “interrelated conditions in which something exists or occurs.” Merriam-WebsteR’s Collegiate Dictionary 250 (Frederick C. Mish, ed., 10th ed. 2000). The majority’s conclusion that the location of an intangible asset for bankruptcy venue purposes is the jurisdiction where collection must be pursued focuses on what may happen during (or at the end) of a case instead of on conditions as they exist at the commencement of the case. Thus, the majority’s analysis is based on what may happen if an order for relief is actually entered against Blixseth, but that was not the question the bankruptcy court had to address. The issue at the beginning of the case was not how to collect Blixseth’s assets but simply where those assets were located. I believe that the bankruptcy court correctly looked to Article 9 of the Uniform Commercial Code (UCC) to decide the location of Blixseth’s *372 intangible personal property interest in the LLLP and LLC.
At common law, intangible property follows the person (mobilia sequuntur per-sonam) and is located where a person is domiciled. Delaware v. New York, 507 U.S. 490, 508, 113 S.Ct. 1550, 123 L.Ed.2d 211 (1993). Like the Uniform Limited Liability Company Act (and Revised ULL-CA), the UCC has been adopted by Nevada. Article 9 of the UCC follows the common law doctrine by locating, for perfection purposes, intangible property at a debtor’s residence. See Nev.Rev.Stat. § 88.528 (describing interest in limited partnership as personal property); Nev. Rev.Stat. § 104.9102(pp) (defining general intangibles); Nev.Rev.Stat. § 104.9301 (perfection principles). As the bankruptcy court noted, the UCC governs how Blix-seth would have pledged or otherwise encumbered his partnership interests. Because it also governs the perfection of any pledged interest, it provides notice to competing creditors and parties in interest of the existence and priority of any encumbrances. A number of courts have, therefore, determined that using the place of perfection is the best approach for determining the location of a debtor’s intangible property for purposes of venue of a bankruptcy case. In re Iroquois Energy Mgmt., Inc., 284 B.R. 28, 32 (Bankr.W.D.N.Y.2002); In re Washington, Perito & Dubuc, 154 B.R. 853, 861 (Bankr.S.D.N.Y.1993).
I fail to see why the majority assumes that Nevada’s enactment of the ULLCA or its laws regarding limited partnerships should determine the location of an intangible asset. Nevada has also adopted the UCC which, unlike the uniform LLC statute, has a specific provision that answers the question of where an intangible asset is located.
When venue is based on the location of a debtor’s principal assets, using the UCC to make that determination is straight forward and predictable. The majority’s approach is neither. Instead it requires courts to reach into a case and engage in speculation about facts that have not yet been established. Therefore, I respectfully dissent.